# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | | |
|---|---|---|
| CEDRIC ANDREL GLAZE, | ) | CASE NO. 1:19-CV-02974-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DONNIE MORGAN, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **Report & Recommendation** |
| | ) | |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to 28 U.S.C. Section 636(b), Fed. R. Civ. P. 72, and LR. 72.1, and for general pretrial supervision pursuant to Local Rule 72.2(a).

On April 30, 2021, Petitioner Cedric Andrel Glaze ("Glaze" or "Petitioner") moved for injunctive relief, requesting that he be transferred to another facility. (ECF No. 8). The Court ordered respondent to respond to Glaze's request by May 19, 2021. (*See* Order dated 5/5/2021). Respondent failed to comply with the Court's Order and on July 19, 2021, this Court again Ordered Respondent to respond by July 23, 2021. (*See* Order dated 7/19/2021). On July 23, 2021, Respondent opposed Glaze's request for injunctive relief. (ECF No. 10). Glaze's reply was due August 6, 2021. (See Order dated 7/19/2021). Glaze failed to file a reply. The matter is ripe for review.

For the foregoing reasons, the Court recommends that Glaze's motion for injunctive relief be DENIED.

I. Background

On December 26, 2019, Glaze filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in which he asserts seven grounds for relief. (ECF No. 1). On November 2, 2020, after an Order from the Court, Glaze paid the filing fee. The Court thereafter served Respondent with Glaze's petition and ordered that the Return of Writ be filed within sixty days. (ECF No. 4; Docket Entry dated 12/11/2021). After receiving an extension from the Court, the Return of Writ was filed on April 9, 2021. (ECF No. 7). On April 30, 2021, Glaze requested an extension of time to file his response to the Return of Writ. (ECF No. 8). Glaze stated that he had been placed in punitive isolation and administrative segregation since February 13, 2021. (ECF No. 8 at 2). Respondent's opposition is silent as to this assertion. (*See, generally*, ECF No. 10). Glaze stated that the corrections staff is harassing and retaliating against him due to his Islamic faith and making it "nearly impossible" to properly litigate his claims for habeas relief. (ECF No. 8 at 2). The Court granted Glaze a 90-day extension until August 9, 2021, to file his traverse. (*See* Order dated 5/5/2021). In his request for extension of time to respond, Glaze also asserted that he had been assaulted four times by the correctional officers for using the inmate grievance system. (ECF No. 8 at 2). Glaze asks this Court for an Order requiring that he be transferred "to a less hostile [e]nvironment" within Ohio. (ECF No. 8 at 2). In the opposition, Respondent argues that Glaze has no right to a transfer or placement in a particular prison and that he fails to meet the standards for injunctive relief. (ECF No. 10 at 2-3).

II. Law and Analysis

This Court does not have the authority to grant the relief sought. Glaze's request for transfer raises complaints about the conditions of his confinement, as well as his placement in segregated housing; however, Glaze has not filed – that this Court is aware of – a separate action under 42

U.S.C. § 1983, habeas corpus (28 U.S.C. § 2241), or a *Bivens* action (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) which, if filed in the proper jurisdiction, would have put the warden on notice of his complaints.

"A state prisoner can use § 2254 to challenge the execution of his sentence." *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (citing *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)). Here, Glaze asks the Court to intervene regarding the conditions of his confinement. Glaze filed the instant request as part of his explanation for needing more time to respond to the Return of Writ in his 2254 habeas matter and not as a separate civil action. Glaze's request is not properly before this Court. *See In re Owens*, 525 F. App'x at 290 (*Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (conditions of confinement complaints are not properly part of a § 2254 petition). The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (" 'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.' "); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement ... are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). In certain situations, a challenge regarding the execution or manner in which a sentence is served shall be filed under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (concluding that a challenge to

3

which prison a defendant should serve his sentence is properly filed under § 2241 and not § 2254); *United States v. Greenwood*, No. 1:08-CR-54, 2019 WL 7602069, at *1 (W.D. Mich. May 6, 2019) ("Challenges to the manner, location, or conditions of the execution of a sentence, however, must be brought through a writ of habeas corpus under 28 U.S.C. § 2241."); *Hunter v. Herrington*, No. 4:14-CV-P67-M, 2014 WL 4494573, at *1 (W.D. Ky. Sept. 12, 2014) (same) (citation omitted).

The instant matter before the Court has been presented not as a proper civil action, but rather a motion seeking this Court's intervention with ODRC policy and procedures. Glaze seeks relief regarding harassment and retaliation by the guards, which are properly addressed under § 1983, and regarding the location of his confinement in segregation as well as the specific facility, which are matters for consideration under § 2241. Accordingly, these matters are not properly before the Court under § 2254. Even if the Court construed Petitioner's injunctive request as a motion to amend the § 2254 petition to add these new claims, the injunctive relief detailed herein is unavailable through § 2254, thus, the amendment would be futile. This, however, does not impact Petitioner's remaining arguments challenging his convictions.

Additionally, the Court will not construe Petitioner's motion for injunctive relief as a motion to amend the petition in order to add claims under § 1983. "[I]t is not appropriate to assert § 1983 claims in a habeas action." *Avery v. Phillips*, No. 214CV01276STAEGB, 2016 WL 94143, at *2 (W.D. Tenn. Jan. 7, 2016). "A civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage." *Id.* (citing *Spencer v. Burt*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (*per curiam*) (a § 1983 case cannot be converted into a habeas action); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims

4

in a single lawsuit"); *Phelps v. Sabol*, C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) ("The substantive and procedural differences between habeas and *Bivens* claims makes it difficult to convert a habeas petition into a Bivens action."); *Hooper v. Caruso*, No. 1:08-CV-1085, 2009 WL 104026, at *2 (W.D. Mich. Jan. 14, 2009) (explaining why a declaratory judgment action cannot be converted into a habeas petition)). Should Glaze wish to file a civil rights action, he should do so in a separate civil action under 42 U.S.C. § 1983. *Id.*

Finally, with respect to Glaze's request for relief regarding the manner, location, or conditions of the *execution* of a sentence, such relief would be properly sought pursuant to § 2241.[1] Unlike conditions of confinement claims brought pursuant to § 1983, a petitioner is generally not precluded from alleging a hybrid § 2254 and § 2241 petition. *See United States v. Coleman*, No. CIV.A. 13-7328-JMH, 2014 WL 5106361, at *3 (E.D. Ky. Oct. 6, 2014) (construing Petitioner's motion to vacate, set aside, or correct sentence under § 2255 as a hybrid filing, containing claims under both 28 U.S.C. § 2241 and § 2255). Petitioner has not moved to amend his petition to add a § 2241 claim, nor does his motion for injunctive relief include enough information for the Court to construe the motion as a motion to amend.[2] Because the record lacks adequate information to rule on a motion to amend the petition in this manner, the Court will not construe the motion for injunctive relief as a motion to amend the petition to add claims under § 2241.

Because the injunctive relief requested is not properly presented to this Court, the Court recommends denying Glaze's motion for injunctive relief.

III.    Recommendation

---

[1] Petitioner did not assert these facts, claims, or relief in his Petition (*see* ECF No. 1) nor in his pending Motion to Amend the Petition (*see* ECF No. 9).

[2] For example, the motion for injunctive relieve does not include any information regarding Petitioner's exhaustion of his administrative remedies.

For the aforementioned reasons, the Court recommends DENYING Petitioner Glaze's request for injunctive relief.

Dated: August 10, 2021

*Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).