# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| CEDRIC ANDREL GLAZE, | ) | CASE NO. 1:19-CV-02974-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DONNIE MORGAN[1], | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **Report & Recommendation** |
| | ) | |

## I.      Introduction

Petitioner, Cedric Andrel Glaze, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Glaze is an Ohio prisoner who is currently serving a 22-year prison term and a five-year term of post-release supervision for involuntary manslaughter (eleven years), two counts of felonious assault (four years each count), and two firearms specification on the involuntary manslaughter count (three years). Glaze asserts seven grounds for relief. (ECF No. 1). Respondent, Warden Donnie Morgan, filed a return of writ on April 9, 2021. (ECF No. 7). On July 16, 2021, Glaze moved for leave to amend his petition to add four new grounds for relief each relating to ineffective assistance of either his trial or appellate counsel. (ECF No. 9). Respondent opposed Glaze's motion to amend as the amendment would be futile and the new grounds are time barred. (ECF No. 12). Glaze replied in support of his motion. (ECF No. 18). On August 10, 2021, Glaze moved for preliminary injunction. (ECF No. 15). Glaze has also requested the appointment of counsel (ECF

---

[1] After the filing of the petition, Glaze was transferred from Ross Correctional Institution and now incarcerated at Ohio State Penitentiary, where the warden is Richard A. Bowen, Jr.

No. 17) and to stay the resolution of this matter pending his exhaustion of claims in state court (ECF No. 19). The Warden did not respond to these last three motions.

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Glaze's petition and other case-dispositive motions as well as orders on non-case-dispositive matters. For the reasons set forth below, I DENY Glaze's motion for the appointment of counsel and recommend that the Court:

1. Deny Glaze's motion to stay;

2. Deny Glaze's motion to amend his petition;

3. Deny Glaze's motion for preliminary injunction; and

4. Deny Glaze's petition in its entirety and not grant him a certificate of appealability.

## II.    Relevant Factual Background

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[2] on direct appeal:

> {¶ 2} In 2015, Glaze was charged with aggravated murder and two counts of felonious assault; the charges were accompanied by one- and three-year firearm specifications. The indictment stemmed from the shooting of Sachin Rana ("Rana"), which resulted in Rana's death. After extensive plea negotiations with the state, Glaze agreed to plead guilty to one count of involuntary manslaughter with one- and three-year firearm specifications and two counts of felonious assault without the accompanying firearm specifications. The parties also agreed to a prison sentence of 20 to 25 years and that none of the charges would merge as allied offenses of similar import.
>
> [. . .]

---

[2] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

{¶ 9} In stipulating to the findings of the evaluation, counsel for Glaze stated: "I've had plenty time to pursue it, review it and have gone over it with [Glaze]. And the defense at this point will stipulate to the ultimate conclusions of Dr. Soliman, who I have personally spoke with, and will stipulate Mr. Glaze is currently competent to stand trial and defend the proceedings against him." The state also stipulated to the findings of the evaluation, and the trial court accepted the stipulations of the parties.

*State of Ohio v. Glaze*, 2018-Ohio-2184, ¶ 2, 9 (8th Dist. Ohio June 7, 2018).

## III.  Relevant State Procedural History

### A.  Indictment

Glaze was indicted on December 10, 2015, for:

Count 1: Aggravated Murder, R.C. 2903.01(A), an unclassified felony, with a one-year and a three-year firearm specification;

Count 2: Murder, R.C. 2903.02(B), an unclassified felony, with a one-year and a three-year firearm specification;

Count 3: Felonious Assault, R.C. 2903.11(A)(1), felony of the second degree, with a one-year and a three-year firearm specification; and

Count 4: Felonious Assault, R.C. 2903.11(A)(2), felony of the second degree, with a one-year and a three-year firearm specification.

(ECF No. 7-1, PageID #: 81-83). At arraignment, Glaze plead not guilty to all charges. (ECF No. 7-1, PageID #: 84).

### B.  Pre-trial hearings/conferences

Glaze was referred to the court psychiatric clinic to evaluate his competency to stand trial and his sanity at the time of the act. (ECF No. 7-1, PageID #: 85, 86). On January 12, 2017, both the state and Glaze stipulated to the psychiatric report finding that he was competent to stand trial. (ECF No. 7-1, PageID # 87).

3

On January 25, 2017, Glaze appeared in court for a pre-trial hearing. A discussion of the pending plea offer was put on the record. (ECF No. 7-2, PageID #: 228-235).

### C.    Guilty Plea & Sentencing

On January 31, 2017, Glaze pled guilty on an amended indictment to involuntary manslaughter with firearm specifications, and two counts of felonious assault. The court then sentenced Glaze to: eleven years in prison for involuntary manslaughter, plus three years in prison for the two firearm specifications which were attached to that count and which merged; and four years in prison for each felonious assault. All sentences were to be served consecutively for an aggregate prison term of twenty-two years, within the agreed 20-25-year range. (ECF No. 7-1, PageID #: 89).

### D.    Direct Appeal

On appeal, Glaze raised three assignments of error:

> 1.  The trial court erred by sentencing the appellant to multiple consecutive sentences.
>
> 2. Trial counsel was ineffective rendering the plea involuntary.
>
> 3. The trial court's sentence of twenty-two (22) years was contrary to law.

(ECF No. 7-1, PageID #: 103). The Ohio Court of Appeals affirmed the judgment of the trial court. *Glaze*, 2018-Ohio-2184, ¶ 17.

### E.    Appeal to the Ohio Supreme Court

On July 20, 2018, Glaze appealed through counsel to the Ohio Supreme Court. (ECF No. 7-1, PageID #: 146). Glaze's memorandum in support of jurisdiction raised the following proposition of law:

> **Proposition of Law I:** A defendant's sentence is properly submitted to an appellate court for review of a sentence which falls within the bounds of an agreed upon sentencing range, as ORC 2953.O8(D)(l) is silent as to whether you can appeal an agreed upon sentencing range and ORC 290l.04(A) requires the statute to be liberally construed in favor of the defendant.

(ECF No. 7-1, PageID #: 153). On October 10, 2018, the Ohio Supreme Court declined jurisdiction. (ECF No. 7-1, PageID #: 166).

### F. Motion to Reopen Appeal

On September 6, 2018, Glaze moved for an extension of time to file his application to reopen his appeal. Before the court ruled on the motion, Glaze filed his application to reopen his appeal asserting that his appellate counsel had provided ineffective assistance for not raising the following assignments of error on appeal:

> 1. Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant to receiving a full review by the court.
>
> 2. Allied offenses of similar import/double jeopardy.
>
> 3. Consecutive sentences/maximum consecutive sentences.
>
> 4. Ineffective assistance of trial/appellate counsel—Appellant's guilty plea was not knowingly, intelligently or voluntarily made/violation of Due Process Clause/ and Criminal Rule 11 [sic].

(ECF No. 7-1, PageID #: 94, 95, 97, and 101). The Ohio Court of Appeals denied Glaze's motion for an extension of time as moot (ECF No. 7-1, PageID #: 195) and denied his application to reopen his appeal. The court explained:

> An application for reopening may be filed anytime without leave of court or an extension of time, but the applicant must show good cause for the filing if made after 90 days from the date of journalization of the appellate decision. The rule further requires that justification for untimely filing be set forth in the application

5

itself. App.R. 26(B)(2)(b). This also counts against the ten-page limitation set forth in App.R. 26(B)(4). Glaze's application contains 14 pages of argument without addressing the untimeliness of his application. Glaze's assertion of good cause in a motion for extension of time is an ineffective attempt to circumvent the requirements set forth above and should not be countenanced by this court.

Even if this court were to consider the justifications raised in the motion for extension of time, they do not establish good cause.

Glaze argues that he did not have timely access to a transcript, he only had limited access to legal materials, and that he was confined in isolation for an unspecified period of time. This court has found these reasons do not constitute good cause. *State v. Tomlinson*, 8th Dist. Cuyahoga No. 83411, 2005-Ohio-5844, 1 3 ("difficulty in obtaining the transcript does not constitute good cause."); *State v. Waller*, 8th Dist. Cuyahoga No. 87279, 2007-0hio-6188, 1 7 ("The courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing.").

As stated above, the failure to show good cause for an application filed outside the 90-day period is sufficient reason for denial. *Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, at f 8, citing *Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Therefore, this court does not need to examine the merits of this application where Glaze has failed to set forth good cause.

(ECF No. 7-1, PageID #: 200-201).

## IV.     Federal Habeas Corpus Petition

On December 26, 2019, Glaze petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Glaze asserted the following grounds for relief:

> **Ground One:** Trial court's compliance with due process in accepting the appellant's guilty plea (oral plea agreement): and whether appellant was given the knowledge of the option and afforded the opportunity to withdraw plea; specifically, Ohio.R. Crim. P. 11C was the plea knowingly, voluntarily, and intelligently made. The court's miscalculated the sentence by the statement of the judge the defendant's sentence was 14 years.

6

**Ground Two:** Character of the plea agreement by imposing allied offenses in violation of the double jeopardy clause Ohio R. Crim.P. 52 B plain error affecting substantial rights may be noticed although they were not brought to the attention of the court. Imposition of multiple sentences of similar import constitutes plain error.

**Ground Three:** Breach of plea agreement by the State in imposing multiple maximum consecutive sentences and failure to put defendant on notice.

**Ground Four:** Whether appellant was afforded effective assistance of counsel. Trial/Appellate counsel.

**Ground Five:** Whether trial court errored in imposing maximum consecutive sentences.

**Ground Six:** Whether appellant sentences contrary to the law and whether such sentences are void.

**Ground Seven:** Lack of subject matter jurisdiction and personal jurisdiction. A court's judgment that is void may be attacked at any time whether it is made within one year or later.

(ECF No. 1 at 8, 13).

## V.  Legal Standards

### A.  Jurisdiction

Section 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Glaze, and Cuyahoga County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Glaze's § 2254 petition.

### B.  Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998).

## C. AEDPA Standard of Review

Section 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

8

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision

only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

### D. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams,* 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst*, 501 U.S. at 805; *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).  When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id.* at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the

petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)). Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.

## VI.    Petition

### A.  Ground One is procedurally defaulted in part and non-cognizable in part.

In Ground One, Glaze asserts "Trial court's compliance with due process in accepting the appellant's guilty plea (oral plea agreement): and whether appellant was given the knowledge of the option and afforded the opportunity to withdraw plea; specifically, Ohio.R. Crim. P. 11C was the plea knowingly, voluntarily, and intelligently made. The court's miscalculated the sentence by the statement of the judge the defendant's sentence was 14 years." (ECF No. 1 at 13). Respondent argues that this ground is procedurally defaulted. (ECF No. 7 at 17).

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12

(N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan*, 526 U.S. 838; *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848). Ground One as it pertains to the voluntariness of Glaze's plea is procedurally defaulted. On direct appeal Glaze argued that his plea was not knowingly, intelligently, and voluntarily made. After his direct appeal was denied, Glaze appealed to the Supreme Court of Ohio, but he failed to raise this issue and he can no longer do so. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto ....' " *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)). "To show cause, a petitioner must show that some objective factor external to the defense impeded ... his efforts to comply with the State's procedural rule." *Id.* (citation and internal quotation marks omitted).

Glaze cannot assert ineffective assistance of counsel as "cause" for failing to preserve the claim in the Ohio Supreme Court. "[I]n certain circumstances counsel's ineffectiveness in failing

properly to preserve the claim for review in state court" will establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488–89). However, "[i]neffective assistance of counsel may constitute cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel." *McClain v. Kelly*, 631 F. App'x 422, 430 (6th Cir. 2015) (citation omitted). "This right to counsel does not extend to discretionary appeals[.]" *Id.* (quotation marks omitted). Accordingly, Glaze cannot assert ineffective assistance of counsel as grounds for his failure to preserve this issue for appeal. To the extent Ground One asserts an issue with the voluntariness of his plea, Ground One is procedurally defaulted.

To the extent Ground One asks this Court to review the state court's imposition and interpretation of state sentencing laws his claim is not cognizable on federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle*, 502 U.S. at 67–68. "A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Garrett v. Miller*, 2012 WL 3989022, *3–4 (N.D. Ohio Aug. 13, 2012), *report and recommendation adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012) (citations omitted); *see also Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (petitioner's sentencing challenge to the aggregation of several sentences involved a matter of state law and therefore was not cognizable in the federal habeas proceeding).

Accordingly, this Court recommends dismissing Ground One as procedurally defaulted in part and non-congnizable in part.

### B.  Ground Two is procedurally defaulted.

14

In Ground Two, Glaze asserts "Character of the plea agreement by imposing allied offenses in violation of the double jeopardy clause Ohio R. Crim. P. 52 B plain error affecting substantial rights may be noticed although they were not brought to the attention of the court. Imposition of multiple sentences of similar import constitutes plain error." (ECF No. 1 at 13). The Respondent argues that Ground Two is procedurally defaulted. (ECF No. 7 at 23).

Glaze did not raise his allied offenses argument on direct appeal. Thus, Ground Two is procedurally defaulted. Glaze argues that the procedural default was caused by ineffective assistance of his appellate counsel for failing to raise this issue on direct appeal. "To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs*, 411 F.3d at 668. Here, Glaze's asserted "cause" is also procedurally defaulted. Although Glaze raised several issues of ineffective assistance of appellate counsel in is application for reopening his appeal, including a failure raise on direct appeal the issue of "[a]llied offense of similar import/double jeopardy," the Court of Appeals denied Glaze's application as he had failed to demonstrate good cause for failing to file it within the time allowed by rule. (ECF No. 7-1, PageID #: 200-201).

"If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim. *James v. Sheldon*, No. 1:17-CV-2095, 2021 WL 405522, at *4 (N.D. Ohio Feb. 5, 2021) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011)).

Glaze failed to comply with the filing requirements of Ohio App. R. 26(b), which requires an applicant show good cause if the application is made more than 90 days after the decision of the appeal, thus satisfying the first factor of the *Maupin* test. The second *Maupin* factor was satisfied when the state appellate court denied Glaze's application to reopen for failing to demonstrate good cause for filing the application more than 90 days after the decision on his direct appeal. (ECF No. 7-1, PageID #: 200-201). Finally, Glaze's failure to comply with the filing requirements of Ohio App. R. 26(b) constitutes an adequate and independent state ground on which Ohio can rely to foreclose review of a federal constitutional claim. *Parker v. Bagley,* 543 F.3d 859, 862 (6th Cir. 2008). Accordingly, Glaze's assertion of ineffective assistance of appellate counsel for failing to raise issues on appeal is, itself procedurally defaulted and cannot constitute "cause" for failing to Ground Two.

The Court recommends dismissing Ground Two as procedurally defaulted.

### C.  Ground Three is procedurally defaulted

In Ground Three, Glaze asserts "Breach of plea agreement by the State in imposing multiple maximum consecutive sentences and failure to put defendant on notice." (ECF No. 1 at 13). The Respondent argues that Ground Three is procedurally defaulted. (ECF No. 7 at 24).

Glaze did not assert Ground Three in his direct appeal and it has, therefore, never been fairly presented to the Ohio courts. Glaze seems to argue that his failure to preserve this issue is due to ineffective assistance of appellate counsel. However, Glaze did not assert this as grounds in his application to reopen his appeal pursuant to App. R. 26(b). Accordingly, Glaze's asserted "cause" for failing to preserve this issue on appeal is procedurally defaulted. Regardless, even had he asserted in his Ohio App. R. 26(b) application that his appellate counsel was ineffective for failing

to raise this issue on direct appeal, as discussed above, Glaze's assertion of ineffective assistance of appellate counsel for failing to raise issues on appeal is also procedurally defaulted.

Accordingly, the Court recommends dismissing Ground Three as procedurally defaulted.

### D.  Ground Four is procedurally defaulted.

In Ground Four, Glaze asserts "Whether appellant was afforded effective assistance of counsel. Trial/Appellate counsel." (ECF No. 1 at 13). Respondent argues this claim was improperly pled (ECF No. 7 at 26) and is procedurally defaulted. (ECF No. 7 at 25).[3] In his statement of facts, Glaze asserts that his appellate counsel was ineffective for not assigning as an error on direct appeal "failure to comply with statutory requirements in the imposition of MAXIMUM Consecutive sentences/ALLIED Offenses of similar import." (ECF No. 1-5, Page ID #: 28). The Court recommends dismissing Ground Four as it is procedurally defaulted.

In his Ohio App. R. 26(b) application to reopen his appeal, Glaze alleged that his appellate counsel was ineffective for failing to raise the following issues:

> 1.  Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant to receiving a full review by the court.
>
> 2.  Allied offenses of similar import/double jeopardy.
>
> 3.  Consecutive sentences/maximum consecutive sentences.
>
> 4.  Ineffective assistance of trial/appellate counsel—Appellant's guilty plea was not knowingly, intelligently or voluntarily made/violation of Due Process Clause/ and Criminal Rule 11 [sic].

---

[3] Respondent argues that "In the petition itself, Glaze raises no factual basis for the claim... At best, the petition argues ineffective assistance without making it at all clear what the basis for the claim is. Accordingly, the claim is improperly pled and should be dismissed." (ECF No. 7 at 26). However, the petition includes a "statement of the facts" at ECF No. 1-5 that includes the basis for Ground Four. (ECF No. 1-5 at 28).

(ECF No. 7-1, PageID #: 94, 95, 97, and 101). Arguably, Glaze initially raised Ground Four in his application to reopen his appeal. However, as explained above in Ground 2, Glaze procedurally defaulted on these claims by failing to show good cause for failing to file his application within ninety days of the decision on his direct appeal. Glaze thereafter abandoned these arguments by failing to appeal to the Ohio Supreme Court.

Accordingly, this Court recommends dismissing Ground Four as procedurally defaulted.

### E.  Grounds Five and Six are not cognizable on federal habeas review.

In Ground Five, Glaze asserts "Whether trial court errored in imposing maximum consecutive sentences." (ECF No. 1 at 13). In Ground Six, Glaze asserts "Whether appellant sentences contrary to the law and whether such sentences are void." (ECF No. 1 at 13). Respondent argues that "Grounds Five and Six should be dismissed because they fail to state federal constitutional claims." (ECF No. 7 at 28). This Court agrees.

As discussed above, a state court's imposition and interpretation of state sentencing laws is not cognizable on federal habeas review. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (citing *Estelle*, 502 U.S. at 67); *Terry v. Trippett*, 1995 U.S. App. LEXIS 23150 *3 (6th Cir Aug. 7, 1995) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)); *Lunsford v. Hofbauer*, 1995 U.S. App. LEXIS 9479 *4 (6th Cir. Apr. 21, 1995) (citing *Branan*, 861 F.2d at 1508). Glaze claims that the sentencing judge erred by imposing maximum, consecutive sentences and that his sentences are contrary to law. Glaze's petition raises an issue of state law only and are, therefore, not cognizable on federal habeas review.[4]

---

[4] Glaze has made no allegations that his sentence exceeded statutory maximums or any similar argument that could conceivably impact a constitutional right.

Accordingly, this Court recommends dismissing Ground Five and Ground Six as non-cognizable.

### F.  Ground Seven

In Ground Seven, Glaze asserts "Lack of subject matter jurisdiction and personal jurisdiction. A court's judgment that is void may be attacked at any time whether it is made within one year or later." (ECF No. 1 at 8). Respondent argues that Ground Seven is non-cognizable on federal habeas review. (ECF No. 7 at 31). Glaze voluntarily withdrew Count Seven. (ECF No. 20 at 4). Accordingly, the Court recommends dismissing Ground Seven.

### G.  Actual Innocence

Throughout his traverse, Glaze asserts that the Court should excuse any procedural defects in preserving his issues for review in light of the fact that he is actually innocent. (ECF No. 20 at 9, 11, 21; ECF No. 20-4). "In the absence of cause and prejudice, a petitioner may demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray*, 477 U.S. at 496). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

To be successful, Glaze must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in the light of the new evidence. *Id.* Glaze pleaded guilty to involuntary manslaughter. In doing so, he admitted to the truth of the facts and to his full guilt. (ECF No. 7-2, PageID #: 240). During allocution, Glaze stated "I would like to apologize for the incident that happened. It wasn't my intentions to kill the man but he had pulled a gun on me and I feared for my life." (ECF No. 7-2, PageID #: 252-253).  Although Glaze now provides an affidavit stating that he only pled guilty to protect the real perpetrator, he fails to provide any "new" reliable evidence that would demonstrate that no reasonable juror would have found him guilty had said "new" evidence been considered at trial. *See Wiles v. Warden*, Marion Corr. Inst., No. 1:14CV685, 2015 WL 4467766, at *6 (S.D. Ohio July 21, 2015). "[S]uch evidence was not 'new' to the extent that the information contained in the various submissions was known to petitioner at the time he entered his guilty plea." *Id.; see Pugh v. Sheldon*, No. 1:10cv1648, 2012 WL 2533405, at *2–3 (N.D. Ohio June 29, 2012) (petitioner was convicted upon entry of a guilty plea to four counts of rape of his daughter, the district court rejected the petitioner's argument that recantation affidavits belatedly obtained from his ex-wife, son and daughter constituted "new evidence" for purposes of establishing a gateway actual-innocence claim, because "if innocent, [the petitioner] always knew of his innocence and that the allegations were untrue")).

Glaze has failed to produce any "new" reliable evidence that would demonstrate that no reasonable juror would have found him guilty.  Accordingly, Glaze's procedural defaults should not be excused.

## VII.    Motion to Amend Petition

On July 16, 2021, Glaze moved to amend the habeas petition in order to add four new grounds for relief:

1. Ineffective Assistance of Counsel under the 5th, and 6th Amendment - plea offer not communicated - Lapsed plea –

2. I.A.C. under the 6th, 1st, 5th  Due Process -  Element of the crime  not  disclose  -  Not informed  the  nature of the charge

3. Ineffective Assistance of Appellate Counsel under the 6th Amendment For- Failure to properly preserve claims in  State Court, abandon  challenges  Instead  pursued  weaker grounds did  not raise and preserve Federal Constitutional  issues Central to this case - and causing  prejudice  resulting  in the  dismissal of post conviction  relief for  failing to provide petitioner trial and  plea hearing transcripts.

4. Trial Counsel's was ineffective by stipulating to the findings of the State's  Competency  Evaluation  after first  Evaluation - found Petitioner to be  incompetent to stand trial  rendering the Plea Involuntary. Bias statements made by psychiatrist during hearing.

(ECF No. 9 at 2).

Respondent argues that the motion should be denied because allowing the additional claims would be futile as they are procedurally defaulted. (ECF No. 12 at 1-2). Additionally, Respondent argues that the claims are time barred. (ECF No. 12 at 3). Glaze argues that his new grounds relate back to the filing of the original petition and are, thus, not time barred.

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it  or with the  opposing party's written consent or the court's leave. Rule  15(A)(2) provides  that  leave  should  be  freely  given  when  justice  so  requires. Several factors may be considered in  determining whether to permit an amendment: the  reasons for  undue delay in filing; whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party's repeated failure to cure deficiencies by previous amendments; whether there would be  undue prejudice  to  the  opposing party; and  whether amendment would be  futile to  correct problems in the original pleading. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

AEDPA imposes a one-year limitation period on habeas applications under 28 U.S.C. § 2244(d). Fed. R. Civ. P. 15(c)(1) creates an exception: "when a prisoner files an original petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a 'common core of operative facts' with the original petition." *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see* 28 U.S.C. § 2242 (providing that habeas applications "may be amended ... as provided in the rules of procedure applicable to civil actions"). The Sixth Circuit Court of Appeals has held that a motion to amend a habeas corpus action to include "entirely new arguments" filed after the statute of limitations has expired is "futile" because such claims do not relate back to the date the initial habeas petition was filed. *See Oleson v. United States,* 27 F. App'x 566, 570 (6th Cir. 2001); *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001 (6th Cir. 2006) ("granting leave to amend would also be futile because these claims do not relate back to the original petition").

Although the original petition was timely filed, Glazed moved to amend his petitioner after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[5] Petitioner argues that his proposed grounds are timely because they "relate back to the plea/sentencing in State Court, the validity of his guilty plea, Ineffective Assistance of Trial/Appellate Counsel, the Petitioner presented the core nature of his Ineffective Assistance to

---

[5] Petitioner was sentenced on July 31, 2017. He proceeded with his direct appeals through the Ohio Supreme Court, which declined jurisdiction and dismissed the case on October 10, 2018. Thereafter, he had ninety more days—until January 8, 2019—to seek a writ of certiorari in the United States Supreme Court. He did not do so. Accordingly, the statute of limitations began to run the next day, on January 9, 2019, and it expired a year later on January 9, 2020. No tolling events occurred, and the filing of Petitioner's initial federal habeas corpus petition on November 29, 2019, did not serve to toll the limitations period. Petitioner moved to amend the petition on July 9, 2021, over a year-and-a-half after the deadline of January 9, 2020.

the Ohio Courts on direct appeal, Citing to Federal cases constitutes fairly presented." (ECF No. 18 at 8). Petitioner is mistaken.

Rule 15(c)(1) of the Federal Rules of Civil Procedure creates an "exception" to the statute of limitations. *Hill v. Mitchell,* 842 F.3d 910, 922 (6th Cir. 2016). Under Rule 15(c)(1), an amendment relates back when it "asserts a claim...that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" If a petition raises a new claim that does not relate back, the AEDPA's statute of limitations bars consideration of the new claim. *Mayle*, 545 U.S. at 656-57. New claims do not relate back simply because they arise from the same "trial, conviction, or sentence" as the original petition. *Hill*, 842 F.3d at 922 (quoting *Mayle*, 545 U.S. at 663-64). New claims relate back when they arise from the "same core facts," as opposed to "events separate in 'both time and type' from the originally raised episodes." *Mayle*, 545 U.S. at 657 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

Here, Petitioner originally raised seven grounds for relief in his petition: 1) that his plea was not knowingly, voluntarily, and intelligently made (Ground One); 2) his convictions are allied offenses of similar import that should have merged for sentencing (Ground Two); 3) the State breached the plea agreement (Ground Three); 4) ineffective assistance of trial and appellate counsel (Ground Four); 5) that the trial court erred by imposing maximum consecutive sentences; 6) error in appellate sentence (Ground Six); and 7) that the trial court lacked subject matter jurisdiction and personal jurisdiction over him (Ground Seven). With respect to Glaze's Ground Four, the statement of facts clarifies that Glaze alleges his appellate counsel was ineffective failing to raise on direct appeal "failure to comply with statutory requirements in the imposition of MAXIMUM Consecutive sentences/ALLIED Offenses of similar import." (ECF No. 1-5, Page ID

#: 28). The statement of facts further explains that this assignment of error is based on the underlying claim that length of Glaze's sentence was unlawful. (ECF No. 1-5, Page ID #: 28-30). None of Glaze's four proposed new grounds relate back to the original petition.

Glaze proposes a new ground asserting ineffective assistance of trial counsel for failing to make him aware of a proposed plea agreement prior to the offer's expiration (Ground Eight). (ECF No. 9 at 2-4). Ground Eight does not relate back to Glaze's original petition. Ground Eight introduces facts regarding an alleged undisclosed plea offer. None of the grounds from Glaze's original petition arise from the "same core facts" as those Glaze cites in support of Ground Eight. Accordingly, Ground Eight does not relate back to the original petition.

Glaze proposes an additional ground asserting that his trial counsel was ineffective for neglecting to inform him of the elements of the crime to which he agreed to plead guilty (Ground Nine). (ECF No. 9 at 4-5). Ground Nine does not relate back as it addresses trial counsel's alleged ineffective assistance of counsel in failing to properly advise Petitioner of the elements of the crime to which he agreed to plead guilty, thereby relating to whether the plea was entered knowingly, voluntarily, and intelligently. Although Ground One also touches on the validity of Glaze's guilty plea, it focuses on his knowledge of his possible sentence, an entirely distinct argument from the one he seeks to raise by amending his petition. Allowing amendment on an entirely distinct factual basis simply because both claims touch on plea phase of the trial or mention counsel's ineffectiveness would effectively allow nearly endless amendments – an approach the Supreme Court expressly counseled against in *Mayle*. Accordingly, Ground Nine does not relate back to the original petition.

Glaze alleges that his trial counsel was ineffective for stipulating to the findings of the state's competency expert and for failing to request an independent competency examination

24

(Ground Eleven). (ECF No. 9 at 9-13). Ground Eleven does not relate back to the original petition as the facts Petitioner cites in support of Ground Eleven do not arise from the "same core facts" as those presented in his original petition as none of the original grounds for relief relate to Petitioner's competency.

Finally, Glaze seeks to amend the petition to add a ground for relief that his appellate counsel was ineffective for failing to raise (proposed) Grounds Eight and Eleven; additionally, Glaze argues that his appellate counsel failed to argue double jeopardy on appeal (Ground Ten). (ECF No. 9 at 6). Although Glaze included a claim of ineffective assistance of appellate counsel in his original petition (Ground Four), the underlying facts of the proposed ground do not arise from the "same core facts" of Ground Four, which attacks the lawfulness of the length of his sentence. Accordingly, Ground Ten does not relate back to the original petition.

Because none of Glaze's proposed grounds for relief relate back to the original petition, allowing Glaze to amend his petition would be futile as each proposed new ground would be dismissed as time barred. This Court recommends DENYING Glaze's motion to amend.

## VIII.  Motion to Stay

When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or, under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies, *Rhines v. Weber*, 544 U.S. 269, 271 (2005). A "mixed" petition for habeas corpus relief is one in which a habeas petition contains some claims that have been exhausted in the state courts and some that have not. *Rhines*, 544 U.S. at 277. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Even if "good cause" is shown, before granting a stay a

25

court must consider whether the unexhausted claims are potentially meritorious and whether the petitioner did not engage in dilatory litigation tactics. *Id.* at 277-278.

Glaze's motion for stay and abeyance should be denied because Glaze's petition is not a mixed petition. Glaze moved to stay this matter in order to allow him to properly exhaust his unexhausted grounds in the state court. (ECF No. 19 at 1). Glaze does not specify which unexhausted grounds he intends to pursue in state court, and the Respondent's return of writ did not argue failure to exhaust any claims as a reason for dismissal. Moreover, as this Court explained above, each of Glaze's six[6] asserted grounds for relief are barred from habeas review as they are either procedurally defaulted or not cognizable on habeas review. To the extent Glaze attempts to raise additional grounds in his traverse, these issues are waived. *Coats v. Sheldon*, No. 3:11CV1017, 2012 WL 7037778, at *7 (N.D. Ohio Aug. 20, 2012), *report and recommendation adopted*, No. 3:11CV1017, 2013 WL 474721 (N.D. Ohio Feb. 7, 2013) ("Arguments raised for the first time in a Traverse are not properly presented to the district court and are deemed waived.") (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (additional citations omitted)).

Accordingly, this Court recommends denying Glaze's motion for stay and abeyance.

IX. **Motion for Preliminary Injunctive Relief**

A. **Background**

On April 30, 2021, Glaze requested an extension of time to file his response to the Return of Writ. (ECF No. 8). Within the request for an extension of time, Glaze stated that he had been placed in punitive isolation and administrative segregation since February 13, 2021; that the corrections staff were harassing and retaliating against him due to his Islamic faith and making it "nearly impossible" to properly litigate his claims for habeas relief; and that he had been assaulted

---

[6] Glaze dismissed Ground Seven.

26

four times by the correctional officers for using the inmate grievance system. (ECF No. 8 at 2).

Glaze asked this Court for an Order requiring that he be transferred "to a less hostile [e]nvironment" within Ohio. (ECF No. 8 at 2).

On August 10, 2021, this Court recommended that Glaze's motion for injunctive relief be denied, recognizing that "[t]his Court does not have the authority to grant the relief sought." (ECF No. 13 at 2). The Court explained:

> Glaze's request for transfer raises complaints about the conditions of his confinement, as well as his placement in segregated housing; however, Glaze has not filed – that this Court is aware of – a separate action under 42 U.S.C. § 1983, habeas corpus (28 U.S.C. § 2241), or a *Bivens* action (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) which, if filed in the proper jurisdiction, would have put the warden on notice of his complaints.
>
> "A state prisoner can use § 2254 to challenge the execution of his sentence." *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (citing *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)). Here, Glaze asks the Court to intervene regarding the conditions of his confinement. Glaze filed the instant request as part of his explanation for needing more time to respond to the Return of Writ in his 2254 habeas matter and not as a separate civil action. Glaze's request is not properly before this Court. *See In re Owens*, 525 F. App'x at 290 (*Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (conditions of confinement complaints are not properly part of a § 2254 petition). The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (" 'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.' "); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement ... are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). In certain situations, a challenge regarding the execution or manner in which a sentence is served shall be filed

under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (concluding that a challenge to which prison a defendant should serve his sentence is properly filed under § 2241 and not § 2254); *United States v. Greenwood*, No. 1:08-CR-54, 2019 WL 7602069, at *1 (W.D. Mich. May 6, 2019) ("Challenges to the manner, location, or conditions of the execution of a sentence, however, must be brought through a writ of habeas corpus under 28 U.S.C. § 2241."); *Hunter v. Herrington*, No. 4:14-CV-P67-M, 2014 WL 4494573, at *1 (W.D. Ky. Sept. 12, 2014) (same) (citation omitted).

The instant matter before the Court has been presented not as a proper civil action, but rather a motion seeking this Court's intervention with ODRC policy and procedures. Glaze seeks relief regarding harassment and retaliation by the guards, which are properly addressed under § 1983, and regarding the location of his confinement in segregation as well as the specific facility, which are matters for consideration under § 2241. Accordingly, these matters are not properly before the Court under § 2254. Even if the Court construed Petitioner's injunctive request as a motion to amend the § 2254 petition to add these new claims, the injunctive relief detailed herein is unavailable through § 2254, thus, the amendment would be futile. This, however, does not impact Petitioner's remaining arguments challenging his convictions.

(ECF No. 13 at 4).

Glaze did not object to the Court's recommendation. On September 14, 2021, the District Court adopted this Court's recommendation. (ECF No. 21).

Prior to receiving the above quoted report and recommendation, Glaze mailed another motion for injunctive relief.[7] In this motion, Glaze asserts additional complaints about the conditions of his confinement at Ross Correctional Institution and seeks the following injunctive relief:

---

[7] Glaze mailed his motion for injunctive relief on August 3, 2021. (See ECF No. 15-8). At some point after mailing the motion, Glaze was transferred from Ross Correctional Institution to Ohio State Penitentiary.

(1.) That the staff reform their indignations, violent behaviors and retaliations

(2.) Cease all bias administrative rulings

(3.) Remove all hazardous condition of confinement clean cell adequate, clothing and bedding

(4.) Remove all restriction implemented from retaliatory Disciplinary actions

(5.) Produce my personal property, Legal materials and documents or replace or provide means of their retrieval compensation for all destroyed, lost, or confiscated in violation of policy and due process (personal glasses, cellular phone, shoes, over 200 photos, and 200 printed JPay photos, Islamic prayer rug, Islamic Kufi, and Quran, several hygiene items soap, shoes toothpaste, deodorant, personal towels and under clothing, state glasses) I have not been able to review my property that was retrieved from my cell before being placed in Isolation

(6.) Provide adequate medical/mental health services, properly document injuries sustain during assaults by staff

(7.) Order reclassification and remove me from Level ERH status, reinstate my Level 3 status and release me from Punitive Isolation

(8.) Overturn, and demand a proper unbiased review of all administrative actions, appeals, conduct report hearings, serious misconduct hearings, hearing officer hearings that were held or re4viewed since February 13, 2021 and allow me to appeal those hearings that staff prevented from being reviewed, by staff impediment, corruption, or misconduct

(9.) Order Director Donald Morgan to recuse from answering any appeals he previously ruled on as Warden of Ross C.I. under the name Donnie Morgan

(10.) Grant stay of transfer from this institution until and when my property has been located or replaced, it will be great burden to try to locate property from another institution transfer should be held in abeyance

(11.) Transfer to other facility besides SOFC to prevent further harassment and retaliation by staff subordinates family members co-harts request transfer to Toledo Ohio Correctional Institution T.O.C.I., or Ohio State Penitentiary OSP.

(12.) Provide handwritten comparison of electronics signed documents signed by Lesley Ervin to documents from SMP hearings to prove that she is fabricating documents to bare her signature to cover up misconduct of staff members in concert to retaliate against me and violate Due Process

(13.) Produce and provide Petitioner with a copy of all conduct reports and administrative appeal to such

(14.) Restrain the Mailroom staff from withholding my legal mail over 48 hours in violation of policy and Constitutional rights, restrained them from copying my legal mail not in my presence or opening

(15.) Demand a proper unbiased review of grievances filed related to all assaults on Petitioner and conditions of confinement. That are being purposely denied to aid and abet criminal conduct, cover up corruption to prevent evidence of malfeasance and provide copies of all informal complaints and grievances and grievances appeals created by Petitioner after the date of February 13, 2021

(16.) Order exam of medical issues by a physician that is not an employee or Laboring under the state contract in concert with ODRC to document serious physical injuries from head trauma and internal injuries from staff assault or be performed by an unbiased care giver.

(ECF No. at 20-22). Once again, for the reasons set forth in the earlier report and recommendation, these matters are not properly before the Court under § 2254.

Accordingly, the Court recommends DENYING Glaze's motion for injunctive relief.

## X.    Motion for the Appointment of Counsel

Glaze requests assistance in obtaining counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 10). As grounds, Glaze states that: 1) he is a layman with limited knowledge of the law and limited resources; and 2) harassment and retaliation from the staff at Ross Correctional impeded his abilities; 3) he has been relocated to Ohio State Penitentiary and will be confined to his cell; and 4) he suffers from a mental health issue. (ECF No. 17).

A district court has the discretion to appoint counsel in a civil proceeding. *See Dudley El v. Michigan Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018). It "is not a constitutional right and is justified only by exceptional circumstances." *Id.* (citations and internal quotation marks omitted). "When determining whether exceptional circumstances exist, courts generally examine the complexity of the factual and legal issues involved and the plaintiff's

ability to represent himself. *Id*. (citations and internal quotation marks omitted). "Courts should not appoint counsel when the claims are frivolous or when the chances of success are extremely slim." *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (citation and quotation marks omitted).

Glaze's six grounds (and his four additional proposed grounds) each fail as they are procedurally defaulted, untimely, or non-cognizable. The Court carefully reviewed the full record and—seeing nothing exceptional about Glaze's circumstances—finds nothing to justify appointment of counsel. Based on the filings, the Court perceives that Glaze is capable of representing himself and pursuing, via appropriate mechanisms, relief under the law. The case is not particularly complex and Glaze's submissions to the Court express awareness of relevant legal concepts and demonstrate that he was capable of invoking the judicial process and making reasoned arguments to support his claims.

Accordingly, this Court DENYS Glaze's request for the appointment of counsel.

## XI.     Certificate of Appealability

### A.     Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require

a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Glaze's grounds for relief are non-cognizable and procedurally defaulted. If the Court accepts the foregoing recommendation, then Glaze has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## XII. Recommendation

Glaze has presented only non-cognizable and procedurally defaulted claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: January 18, 2022

                 *s/Carmen E. Henderson*

                 Carmen E. Henderson
                 United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).